## Case No. 7,116.

### In re IVES et al.

[18 N. B. R. (1879) 28.] 1

District Court, E. D. Michigan.

1 [Reprinted by permission.]

[Id. 8,592]. Although the rent be reserved in the lease, the assignee does not become liable to pay such rent by continuing to occupy the premises. The petitioner does not proceed upon the theory that the assignee accepted the lease, and thereby became obligated to pay the rent, but upon the theory that it was impossible for her to have exclusive use of the premises, so long as the smoke-stack and boiler remained there. But to make the assignee liable as a tenant it must appear that his occupancy was not merely technical, but substantial and beneficial. In this case, the chimney and boiler covered but a small part of the lot; by far the greater part being vacant. As the mill did not run, the assignee derived no benefit from permitting the chimney to stand there, and the petitioner lost nothing, for she was at liberty to rent the property at any time. While, technically, she could not occupy the entire lot, so long as the chimney stood there, there was no substantial occupation by the assignee, and there was no loss of any valuable right by the petitioner. In re McGrath [Id. 8,808]; In re Washburn [supra]; In re Breck [Case No. 1,822]; In re Hamburger [Id. 5,975]; In re Metz [Id. 9,509]; In re Lynch [Id. 8,634]. If the conversation between the assignee and her agent amounted to an agreement to pay the rent so long as the incumbrance remained upon the lot, it was an agreement to pay only what such occupation was reasonably worth; and as there is no evidence upon this point, and none to show that the assignee agreed to accept the lease, the petition must be dismissed.

BROWN, District Judge. Doubtless an assignee in bankruptcy is bound to compensate a landlord for the use of premises occupied by him in winding up the estate. In re Hufnagle [Case No. 6,837], and cases cited; In re Hamburger [Id. 5,975]; In re Commercial Bulletin Co. [Id. 3,060]. He does not, however, by accepting the trust, become the assignee of leases belonging to the bankrupt, or become bound by any covenants contained therein. In re Washburn [Id. 17,211]; In re Lucius Hart Manuf'g Co.

